UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROLANDO L. DIAZ,<br><br>   Plaintiff,<br><br>   v.<br><br>RON D. NEAL, et al.,<br><br>   Defendants. | CAUSE NO. 3:22-CV-874-RLM-JEM |

OPINION AND ORDER

Rolando L. Diaz, a prisoner without a lawyer, filed a 43-page complaint against 48 defendants containing multiple unrelated claims, including allegations of several instances of excessive force, poor conditions of confinement in Indiana State Prison's D Cellhouse, improper charges on his trust account, denials of medical care and drug treatment, and several false conduct reports, among other things. The court told him to choose which claim he wished to pursue in this case and file an amended complaint containing only that claim. The court told him that if he didn't respond by the deadline, the court would choose for him. *Id.* He hasn't responded, so the court will choose a single claim for this lawsuit. The remaining claims will be dismissed without prejudice. Mr. Diaz may assert those claims in separate lawsuits if he wishes, subject to the usual constraints of the Prisoner Litigation Reform Act.

The court will screen the claim concerning the three-day period in July 2021 in which he had no water in his cell during a heat advisory. *See* ECF 1 at 11-12, 14-15, 40-41. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Mr. Diaz alleges that he was housed in cell DE #123 from June 26 through July 27, 2021. At some point in July, he says he spend three days without water or a functioning toilet during a heat advisory, when temperatures were above 90 degrees. He says the heat caused him to pass out at one point.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. Knight v. Wiseman, 590 F.3d 458, 463 (7th Cir. 2009); Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006). On the

subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. Farmer v. Brennan, 511 U.S. at 834.

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also* Reed v. McBride, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

Mr. Diaz has plausibly alleged that he has suffered an objectively serious deprivation by not having water in his cell for three days during a heat advisory. But for this claim to proceed he must identify a defendant who can be held response for that deprivation. The complaint doesn't say which of the 48 defendants were responsible for shutting off his water, or that any defendant was aware of the lack of water but did nothing to alleviate the effects of the heat. A defendant must have personal involvement in the alleged constitutional violation to be held liable. *See* Burks v. Raemisch, 555 F.3d 592, 594-96 (7th Cir. 2009). It's not enough that they simply worked at the prison.

The court will give Mr. Diaz a chance to file an amended complaint identifying the defendants who were personally involved in the three-day water denial in July 2021. No unrelated claim will be considered. Claims in a lawsuit are related if the same defendant is involved in each claim or if the claims all stem from the same

3

transaction or occurrence and there is a common question of law or fact. Fed. R. Civ. P. 18(a), 20(a)(2). To file an amended complaint, Mr. Diaz needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which the court will send him and which is also available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) DIRECTS the clerk to write this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Rolando L. Diaz;

(2) DISMISSES WITHOUT PREJUDICE any claim unrelated to the 3-day denial of water in July 2021;

(3) GRANTS Rolando L. Diaz until **March 30, 2023**, to file an amended complaint; and

(4) CAUTIONS Rolando L. Diaz if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on February 24, 2023

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT