UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROLANDO L. DIAZ,

    Plaintiff,

        v.                                           CAUSE NO. 3:22-CV-874-RLM-JEM

RON D. NEAL, et al.,

    Defendants.

## OPINION AND ORDER

Rolando L. Diaz, a prisoner without a lawyer, began this case with a 43-page complaint against 48 defendants containing multiple unrelated claims. The court told him that he can't bring unrelated claims in a single lawsuit, and so to proceed he needed to file an amended complaint containing only related claims. ECF 8. Claims are related either if the same defendant is involved in each claim or if the claims all stem from the same transaction or occurrence and there is a common question of law or fact. Fed. R. Civ. P. 18(a), 20(a)(2). Mr. Diaz was cautioned that if he didn't respond by the deadline, the court would choose a claim for him and dismiss the rest. *Id.* When he didn't file an amended complaint by the deadline, the court singled out a claim based on the following allegations:

> Mr. Diaz alleges that he was housed in cell DE #123 from June 26 through July 27, 2021. At some point in July, he says he spent three days without water or a functioning toilet during a heat advisory, when temperatures were above 90 degrees. He says the heat caused him to pass out at one point.

*Id.* at 2. But the complaint didn't identify which of the 48 named defendants were personally involved in the alleged violation, such as who shut the water off or who

was aware of his lack of water but did nothing to alleviate the effects of the heat. *Id.* at 3. The court gave him a chance to file an amended complaint identifying defendants who could be held liable.

In response, Mr. Diaz filed a 28-page amended complaint against 31 defendants. ECF 10. The amended complaint doesn't identify who was personally involved in the water shut-off for that three-day period in July and continues to assert unrelated claims. The amended complaint refers to the water shut-off only twice. First, Mr. Diaz describes an incident in which Officer A. Allmon allegedly used force to drag him back to his cell after showering because he refused to return to such a hot cell, then he states, "My water was then cut off for 3-4 days. I began to pray to God as the staff cared nothing about my wellbeing in which I wasn't allowed to call my family or go outside for almost 3 months in spite of the height of COVID-19." ECF 10 at 19. Second, Mr. Diaz alleges, "On 7/20/21 at Indiana State Prison in D Cellhouse #123 (bubble cell), I, Mr. Diaz, was being harassed and taunted by staff and found facedown going through convulsions from no water, toilet, on the ground amongst a heat advisory of 90º and was rushed to medical where I believe I was given Narcan. When I was released and taken back to that cell, Sgt. C. Fredianelli and Officer G. Page laughed." *Id.* at 20.

Mr. Diaz's amended complaint doesn't identify any officers who either shut off the water or knew the water was shutoff but did nothing to alleviate the effects of the heat. He mentions Sergeant Fredianelli or Officer Page, but he doesn't connect them to the water shut-off. Their laughter, which occurred after Mr. Diaz was treated for

2

the lack of water, might have been unprofessional but doesn't, by itself, violate the Constitution. "[M]ost verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." Beal v. Foster, 803 F.3d 356, 358 (7th Cir. 2015). Where verbal harassment is "fleeting" or "too limited to have an impact" the Constitution is not implicated. *Id.* at 358. The court will give Mr. Diaz a final chance to identify the prison staff responsible for the water shut-off and resulting effects.

In a letter accompanying the amended complaint, Mr. Diaz asks the court to consider the entire complaint, in spite of the relatedness problem, because throughout his history of incarceration, he had never experienced anything like the ongoing harassment and abuse he endured at Indiana State Prison. ECF 10-1 at 1. Mr. Diaz's amended complaint lays out the claims more clearly than his original complaint does. But it still doesn't establish that the claims are all related to each other or to the water shut-off claim he was granted leave to proceed on. There is no defendant in common, and the claims don't stem from the same transaction or occurrence and share a common question of law or fact. Several instances of excessive force by different people aren't related just because they happened at the same prison or occurred relatively close in time.

To continue this case, Mr. Diaz must file a second amended complaint that identifies which defendants were personally involved in the 3-day water shut-off in July 2021. He should start the second amended complaint with just that claim. Then, he may add in other claims and explain why he believes they are related to the water shut-off claim. To file a second amended complaint, he needs to write this cause

3

number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the words "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Rolando L. Diaz until **May 26, 2023**, to file a second amended complaint; and

(2) CAUTIONS Rolando L. Diaz if he does not respond by May 26, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on April 25, 2023

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
