UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROLANDO L. DIAZ,<br><br>Plaintiff,<br><br>v.<br><br>RON D. NEAL, et al.,<br><br>Defendants. | CAUSE NO. 3:22-CV-874-RLM-JEM |

OPINION AND ORDER

Rolando L. Diaz, a prisoner without a lawyer, began this lawsuit with a complaint alleging a series of events at Indiana State Prison that, if proven, paint a troubling picture of his confinement there. The complaint spanned several months, involved dozens of defendants, and discussed unrelated incidents. Mr. Diaz was told that he can't bring all those unrelated claims in a single lawsuit. He needed to choose which claim he wished to proceed on in this lawsuit, and if he didn't, the court would choose one for him. Mr. Diaz didn't respond, and so the court singled out a claim that for a three-day period in July 2021, he had no water in his cell during a heat advisory, which caused him to pass out.

The original complaint didn't identify which defendant was personally involved in the denial of water. So the court told Mr. Diaz to file an amended complaint, limited to that claim, naming the defendants who were responsible for the water shut-off or otherwise knew that the lack of water posed a serious risk to him.

Mr. Diaz filed an amended complaint, but it wasn't limited to the water shut-off claim. It repeated the events complained of in the original complaint, without identifying who was involved in the water shut-off in July 2021. ECF 10. The court gave Mr. Diaz another chance to identify the people involved in the water shutoff, telling him:

> To continue this case, Mr. Diaz must file a second amended complaint that identifies which defendants were personally involved in the 3-day water shut-off in July 2021. He should start the second amended complaint with just that claim. Then, he may add in other claims and explain why he believes they are related to the water shut-off claim.

ECF 11 at 3.

The second amended complaint doesn't comply with those instructions. ECF 12. It repeats the same series of events without clearly singling out which defendant could be held responsible for the July 2021 water shut-off. "[P]arties [must] make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). Without a defendant who can be sued for the alleged violation, this complaint—limited to the claim regarding the July 2021 water shut-off—doesn't state a claim for relief.[1]

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be

---

[1] This dismissal is limited only to the claim concerning the July 2021 water shut-off. The unrelated claims in the lawsuit are not before the court and haven't been ruled on.

2

futile." Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009). There is no indication that if Mr. Diaz is given a third chance, he will identify a defendant who could be sued for the July 2021 water shut-off.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on July 31, 2023

                                             s/ Robert L. Miller, Jr.
                                             JUDGE
                                             UNITED STATES DISTRICT COURT